**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SEAN BARBER and**
**KRISTINA BARBER,**

**Plaintiffs,**

**v.** **CASE NO: 8:12-cv-01124-T-27TBM**

**AMERICA'S WHOLESALE**
**LENDER,**

**Defendant.**
_________________________________/

**ORDER**

**BEFORE THE COURT** is Defendant America's Wholesale Lender's Motion to Dismiss First Amended Complaint and Motion to Strike Demand for Jury Trial (Dkt. 92).[1] Defendant argues that the First Amended Complaint alleges no injury-in-fact sufficient to establish standing, that Plaintiffs' rescission claim is a mere variation of a theory that has been uniformly rejected by courts across the country, and even if their claim had legal merit, it should still be dismissed under Rule 12(b)(6) for failing to state a plausible cause of action. Because the First Amended Complaint alleges no injury-in-fact sufficient to establish standing and otherwise fails to state a plausible cause of action, the First Amended Complaint is due to be dismissed.[2]

---

[1] This action was initially brought on behalf of over 25 plaintiffs against at least 12 different defendants arising out of 21 separate loan transactions. *See* Complaint (Dkt. 1), Ex. A. On February 25, 2013, Plaintiffs' claims were severed and dismissed without prejudice as to all Defendants other than America's Wholesale Lender (Dkt. 116). As a result, the only pending claim is that brought by Sean Barber and Kristina Barber against America's Wholesale Lender.

[2] The legal theory relied on by Plaintiffs is also of questionable legal merit. *See, e.g., Rodenhurst v. Bank of America*, 773 F.Supp.2d 886, 898 (D. Haw. 2011) (noting that courts have uniformly rejected the argument that securitization can be the basis of a cause of action). For example, Plaintiffs' claim that they have been harmed because they no longer enjoy a traditional borrower/lender relationship presupposes, without any legal support, that they both had a legal right to a future loan modification and that the downstream assignee lacked the power to modify the Loan.

## Background

On December 27, 2005, Plaintiffs, Sean and Kristina Barber, executed a promissory note (the "**Note**") and mortgage (the "**Mortgage**") (collectively, the "**Loan**") in favor of Defendant, America's Wholesale Lender. *See* Motion to Dismiss (Dkt. 92), Composite Exhibit A.[3] The first sentence of the Note states: "In return for a loan that I have received, I promise to pay U.S. $310,000.00."

The Note and Mortgage both contain language advising Plaintiffs that the Note may be sold or transferred. The first paragraph of the Note states:

> I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

Note, ¶ 1. Paragraph 20 of the Mortgage, titled "Sale of Note; Change of Loan Servicer," states:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA[4] requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are

---

[3] The Mortgage and Note are referenced in the First Amended Complaint and are central to the Plaintiffs' claim. As such, the Mortgage and Note are properly considered in connection with the Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

[4] "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601, *et seq.*) and its implementing regulations.

> not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Mortgage, ¶ 20.

Plaintiffs claim that they mistakenly believed that they were entering into a traditional borrower/lender relationship with Defendant when in actuality the Loan was a "conduit" loan designed and intended to be pooled into mortgage-backed investment vehicles known as Real Estate Mortgage Investment Conduits ("**REMIC**").[5] Plaintiffs contend that they were harmed when the Loan was sold to a third-party investor as part of the securitization process creating an REMIC. Specifically, Plaintiffs allege:

> The Plaintiffs have been and continue to be significantly harmed by not having a borrower/lender relationship with a lender who has an economic interest in their Loan and who has full authority to amend, modify or alter the terms of the Loan because they would like to modify the terms of their Loan and have learned that they have no lender with whom to negotiate.

First Amended Complaint (Dkt. 57), ¶ 61. As a result, Plaintiffs "seek[] to rescind and/or void the loan agreements based on mistake and missing [sic] of the minds by the parties at contract formation, applying the foundational Peerless [sic] principle to the modern world of home mortgage financing." *Id.* at ¶ 7.

The First Amended Complaint asserts a single count against Defendant for "Rescission – Mistake–Void Agreement/Contract Reformation." First Amended Complaint (Dkt. 57, p. 12).[6] Plaintiffs also seek to recover damages, restitution, costs, and attorney's fees.

---

[5] An REMIC is an entity that holds a fixed pool of mortgages in trust and issues securities representing an undivided interest in those mortgages.

[6] While the title of the "cause of action" refers to rescission and reformation, the prayer for relief seeks to rescind the Loan, but does not mention the remedy of reformation.

**Applicable Law**

Rule 8(a), Federal Rules of Civil Procedure, requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While all factual allegations must be accepted as true in evaluating a motion to dismiss under Rule 12(b)(6), the tenet does not apply to legal conclusions. *Ashcroft*, 556 U.S. at 678. Similarly, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**Discussion**

The First Amended Complaint is subject to dismissal on numerous grounds. First, the First Amended Complaint lacks specific factual allegations relating to this Defendant. While the First Amended Complaint purports to assert claims on behalf of at least 18 different borrowers against a least 9 different lenders, the only specific references to this Defendant are a conclusory jurisdictional allegation and an indication in the Table of Loans attached as an Exhibit to the First Amended Complaint that Plaintiffs entered into the Loan with Defendant in the amount of $310,000.00.

Second, the First Amended Complaint lacks factual allegations, which, when taken as true, establish any actual or imminent injury sufficient to establish standing. *See Elend v. Basham*, 471 F.3d 1199, 1206 (11th Cir. 2006) (for injury in fact to be established for purposes of standing, it is not enough that the plaintiff's complaint sets forth facts from which a court could imagine an injury sufficient to satisfy constitutional standing requirements) (citing *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000)). The First Amended Complaint contains only vague and conclusory allegations such as Plaintiffs "have been and continue to be significantly harmed" without alleging facts demonstrating the harm that actually has been, and continues to be, suffered by Plaintiffs. Plaintiffs do not allege that they have attempted, but failed, to modify the Loan, that they are in default under the Loan, or any other facts establishing an actual or imminent injury as necessary to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Third, the First Amended Complaint lacks factual allegations sufficient to state a claim for rescission that is plausible on its face. For example, Plaintiffs have failed to allege facts demonstrating a unilateral mistake going to the substance of the parties' agreement. *See Roberts & Schaefer Co. v. Hardaway Co.*, 152 F.3d 1283, 1291 (11th Cir. 1998). Similarly, the fact that the Loan could be securitized, transferred to, or serviced by a third party was specifically contemplated in the Loan documents. Plaintiffs are deemed to be on notice as to the language in the Loan documents[7] and Plaintiffs have failed to allege facts demonstrating that to the extent they were

---

[7] "A party who signs an instrument is presumed to know its contents... and cannot avoid his obligations thereunder by alleging that he did not read the contract, or that the terms were not explained to him, or that he did not understand the provisions." *Citibank, N.A. v. Dalessio*, 756 F. Supp. 2d 1361, 1367–68 (M.D. Fla. 2010). In Florida, "a party to a contract is not permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it or because in retrospect, the bargain turns out to be

mistaken as to the legal effect of the Loan that they could not have avoided this mistake through reasonable care or diligence. *See Graham v. Clyde*, 61 So. 2d 656, 657 (Fla. 1952) ("[i]f the one seeking relief could have avoided his mistake by reasonable care or diligence, a court of equity will not relieve him").

Plaintiffs also fail to allege the remaining elements of a claim for rescission. For example, they do not allege that they gave notice of their intention to rescind the Loan after discovering the purported unilateral mistake. *See Road Co. v. Board of Public Instruction of Dade County*, 102 So.2d 139, 141 (Fla. 1958). Similarly, Plaintiffs fail to allege that no adequate remedy at law exists. Moreover, Plaintiffs have not pleaded facts that indicate that they have tendered the Loan proceeds or that they are willing, and have the ability, to restore Defendant to the *status quo ante* by returning the Loan proceeds. *See, e.g., Lang v. Horne*, 23 So. 2d 848, 853 (Fla. 1945) (noting that a party seeking rescission must restore the other party to the position it occupied before the relevant transaction). *Id.*[8]

Fourth, Plaintiffs fail to plead sufficient facts to state a claim for reformation. Reformation "correct[s] an error not in the parties' agreement but in the writing which constitutes the embodiment of that agreement." *Kolski v. Kolski*, 731 So. 2d 169, 173 (Fla. 4th DCA 1999). A viable claim for reformation must allege both unilateral mistake by one party and inequitable conduct by the other

---

disadvantageous." *Murphy v. Courtesy Ford, L.L.C.*, 944 So. 2d 1131, 1134 (Fla. 3d DCA 2006).

[8] "A prerequisite to rescission is placing the other party in status quo" and "the necessary pre condition for rescission is tender of the benefits received under the contract." *Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co.*, 671 So.2d 306, 313 (Fla. 2000). Thus, "[i]t is well settled that, since the prime object of rescission and cancellation is to undo the original transaction and restore the former status, the complainant in his bill must offer to restore to the defendant the property or consideration which he may have received under it, specifically describing the same; and further, he should show that he is able to make such restoration, or allege facts from which it may be fairly inferred." *Willis v. Fowler*, 136 So. 358, 369 (Fla. 2d DCA 1965).

party. *Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 649 (Fla. 3d DCA 2006); *Providence Square Ass'n. v. Biancardi*, 507 So. 2d 1366, 1369-372 (Fla. 1987). The First Amended Complaint lacks factual allegations sufficient to establish a unilateral mistake by Plaintiffs or inequitable conduct by Defendant. *See Robinson v. Wright*, 425 So. 2d 589, 589 (Fla. 3d DCA 1982) ("[a] written contract will not be reformed on the basis of a unilateral mistake absent clear and convincing proof of fraud or inequitable conduct by the other side"); *see also Capital Bank v. MVB, Inc.*, 644 So.2d 515, 518–19 (Fla. 3d DCA 1994) ("Generally, the relationship between a bank and its borrower is that of creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities.") (citations omitted).

Finally, the pleading deficiencies in the First Amended Complaint are exacerbated given the heightened pleading requirements applicable to allegations of mistake. *See* Fed R. Civ. P. 9(b) ("[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"; *accord Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291-292 (11th Cir. 2010). Under this heightened pleading standard, there must be specific allegations identifying the factual basis supporting each of the elements of Plaintiffs' claim of mistake. *See Citibank, N.A. v. Morgan Stanley & Co. Int'l, PLC*, 724 F. Supp. 2d 407, 416-17 (S.D.N.Y. 2010) (claim seeking reformation of deed based on mistake "must satisfy the particularity requirements of Rule 9(b)"). The First Amended Complaint fails to satisfy this heightened pleading requirement because it fails to allege any facts specifically relating to this Defendant, let alone facts stating with particularity the circumstances constituting the alleged mistake. *See Curtis Inv. Co., LLC v. Bayerische Hypo-und Vereinsbank, AG*, 341 F. App'x 487, 493–94 (11th Cir. 2009) (To meet the requirements of Rule 9(b), "in a case involving multiple defendants ... the complaint should inform each defendant of the

nature of his alleged participation in the fraud."); *see also W. Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir.2008) (stating that under 9(b), "[i]n a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient").

***Plaintiffs' Request for a Jury Trial***

Plaintiffs' request for a jury trial must also be stricken, both because rescission is an equitable remedy precluding a jury trial, *see, e.g., Scheurenbrand v. Wood Gundy Corp.*, 8 F.3d 1547, 1551 (11th Cir. 1993); *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 450 F.3d 505, 518 n.25 (11th Cir. 2006); *see also Tull v. U.S.*, 481 U.S. 412, 417 (1987), and because they waived the right to a jury trial in their loan agreements, *see Correa v. BAC Home Loan Servicing LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at * 15 (M.D. Fla. Apr. 12, 2012).[9]

**Conclusion**

The First Amended Complaint lacks sufficient factual allegations, which, when taken as true, state a claim to relief that is plausible on its face. In addition, Plaintiffs are not entitled to a jury trial on their equitable claims for rescission and/or reformation. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant America's Wholesale Lender's Motion to Dismiss First Amended Complaint and Motion to Strike Demand for Jury Trial (Dkt. 92) is **GRANTED**. The First Amended Complaint is **DISMISSED** and Plaintiffs' request for a Jury Trial is **STRICKEN**. Plaintiffs are granted leave to file a Second Amended Complaint within **ten (10) days** from the date of this Order. **Failure to timely file a Second Amended Complaint or the**

[9] Plaintiffs state that "if the Court is persuaded by Defendant's argument, Plaintiffs will agree to strike the jury demand in the Complaint. Memorandum in Opposition (Dkt. 101), p. 18

**failure of a Second Amended Complaint to state a claim upon which relief may be granted will result in the dismissal of Plaintiffs' claims.**

**DONE AND ORDERED** this 18th day of March, 2013.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record